# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| DAVID HUTCHINGS, *et al.*,<br><br>Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, LLC, *et al*,<br><br>Defendants. | 2:20-cv-01120-RFB-VCF<br><br>**ORDER**<br><br>Defendant's Motion to Dismiss [ECF No. 8];<br>Plaintiff's Motion for Leave to Amend Complaint [ECF No. 10] |

Before the Court is the defendant Bayview Loan Servicing, LLC's motion to dismiss (ECF No. 8) and plaintiffs David and Rebecca Hutchings's motion for leave to amend the complaint (ECF No. 10). The Court grants the motion to amend. Plaintiffs have seven days to file their amended complaint. The Court denies the motion to dismiss without prejudice as moot.

## I.     Background

The scheduling order, which the parties stipulated to, sets the deadline to amend pleadings on November 18, 2020. (ECF No. 14 at 2). Plaintiffs seek leave to file a first amended complaint, they wish to: (1) clarify the original complaint related to its claim alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 and (2) assert a new allegation that Bayview threated to damage plaintiffs' credit regarding a 2013 Chapter 7 bankruptcy discharge. (ECF No. 10 at 2). The defendant argues in its response that it recognizes that leave to amend is freely given at this stage in litigation, but that it reserves its right to move to dismiss the new allegations if leave is granted. (ECF No. 12 at 1-2). The plaintiff argues in their reply that the defendant will not be prejudiced because the defendant can file a new motion to dismiss once the plaintiffs file their amended complaint. (ECF No. 16 at 2).

## II.    Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's

leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The plaintiffs have not previously sought leave to amend the complaint. The parties stipulated to the November 18, 2020 deadline to amend in the complaint after the defendant filed its motion to dismiss. The Court finds that the plaintiffs were diligent and have sought leave to amend in good faith. The Court finds that the defendant will not be prejudiced because it can move to dismiss the amended complaint. Court finds that the plaintiff has met the requirements for amendment pursuant to Rule 15. Since the Court grants the plaintiffs' motion to amend, it denies the defendant's motion to dismiss without prejudice as moot.

Accordingly,

IT IS ORDERED that plaintiff Hutchings's motion for leave to amend its complaint (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs have until Monday, October 12, 2020 to file their amended complaint.

IT IS FURTHER ORDERED that the defendant's motion to dismiss (ECF No. 8) is DENIED WITHOUT PREJUDICE as moot.

IT IS SO ORDERED.

DATED this 5th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE